UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          File No. 1:05-CR-247

v.

                                          HON. ROBERT HOLMES BELL

ROBERT LEE KING,

        Defendant.

                                          /

## **O P I N I O N**

      Defendant Robert Lee King has been charged in a three-count indictment with distribution of methadone and fentanyl resulting in serious bodily injury and death of Emily Waskiewicz, distribution and possession with intent to distribute fentanyl resulting in serious bodily injury and death of Garry Sneller, and conspiracy to possess with intent to distribute and to distribute OxyContin in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C); and 846. Before the Court is Defendant's motion for a bill of particulars and in the alternative to dismiss Count Two. For the reasons that follow, the Court grants in part and denies in part Defendant's motion.

I.

      Defendant's motion is confined to issues arising from Count Two of the indictment. Count Two charges Defendant "knowingly and intentionally distributed and possessed with intent to distribute fentanyl . . . resulting in the serious bodily injury and death of Garry

Sneller from the use of the fentanyl . . . ." Superseding Indictment (Docket #16). Defendant first requests that the Court direct the Government to file a bill of particulars disclosing the Government's legal theory on Count Two. While the Government has objected to Defendant's request, in responding to the motion to dismiss, it has voluntarily disclosed its legal theory as to both Counts One and Two. Consequently, the filing of a bill of particulars is not necessary and Defendant's motion for a bill of particulars as to Count Two is rendered moot.

Defendant next argues that Count Two is duplicitous. "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002). "The vice of duplicity is that a 'jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense." *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002) (quoting *United States v. Shumpert Hood*, 210 F.3d 660, 662 (6th Cir. 2000)); *see also United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997) ("The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both."). Duplicity can "prejudice defendant in sentencing, in obtaining appellate review, and in protecting against double jeopardy." 1A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 142 (3d ed. 1999); *Campbell*, 279 F.3d at 398 (noting that duplicitous indictments implicate the protections of the Sixth Amendment guarantee of jury unanimity).

Defendant argues that Count Two is duplicitous because it appears to allege both that Sneller's death resulted from Defendant's distribution of fentanyl and that the death resulted from Defendant's possession with intent to distribute fentanyl. Defendant contends that because the crime is charged in this manner the jury will be unable to separate the elements needed to convict him of either the distribution charge or the possession with intent to distribute charge. The Government acknowledges that Count Two provides "two separate legal theories" as to how Defendant's conduct resulted in Sneller's death. According to the Government, the proofs at trial on Count Two will show that between September 19, 2005 and October 1, 2005, Defendant obtained prescription drugs in the Western District of Michigan that he intended to distribute. The Government also intends to establish that on or about October 1, 2005, Defendant picked up Garry Sneller in the Western District of Michigan, traveled to Defendant's home in a neighboring county in the Eastern District of Michigan, and distributed fentanyl which resulted in Sneller's death. Further, following Sneller's death, the Government intends to prove that Defendant solicited assistance from others located in the Western District to help him move the body.

The Government contends that alleging two separate legal theories does not render the indictment duplicitous. The Government points to *United States v. Washington*, 127 F.3d 510 (6th Cir. 1997), which confronted a similar issue. In *Washington*, the defendant argued that an indictment charging him with distribution of crack cocaine and possession with intent to distribute crack cocaine was duplicitous. 127 F.3d at 512-13. The court rejected

3

defendant's argument, holding that the indictment only charged a single crime, possession with intent to distribute crack cocaine. *Id.* at 513. Further, the court acknowledged that the government had offered multiple factual scenarios to prove a violation of the statute, but held that "[t]he mere existence, however, of multiple theories of liability or multiple factual predicates for violation of a statute does not render the indictment duplicitous." *Id. See also United States v. Smith*, 26 F.3d 739, 753 (7th Cir. 1994) ("Possession with intent to distribute and distribution are not separate offenses, but different acts that violate the same statutory provision. So long as the evidence is sufficient with respect to any of the acts charged . . . a guilty verdict on an indictment charging several acts in the conjunctive stands.").

Although the Government asserts that they have offered two theories of liability for violation of a single statute, in fact Count Two alleges two different crimes. Consequently *Washington* is not applicable to this case. The first offense charged in Count Two is distribution of fentanyl resulting in Sneller's death. In order to prove this crime, the government must establish: 1) that Defendant distributed fentanyl, 2) that he did so knowingly and intentionally, and 3) that he knew the substance distributed was a controlled substance. *See e.g.*, *United States v. Colon*, 268 F.3d 367, 376 (6th Cir. 2001). In addition, because Count Two involves the enhancement provision of § 841(b)(1)(C), the government will also be required to prove that Sneller's death resulted from the fentanyl distributed by Defendant. *See United States v. Rebmann*, 226 F.3d 521 (6th Cir. 2000) (holding that death enhancement under § 841 must be proven to a jury), *rev'd on other grounds United States v.*

4

*Leachman*, 309 F.3d 377 (6th Cir. 2002). The second crime alleged in Count Two is possession with intent to distribute fentanyl. In order to prove this crime, the government must establish: 1) the defendant knowingly, 2) possessed a controlled substance, 3) with intent to distribute. *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006).

The additional "serious bodily injury or death" element renders the indictment duplicitous. Rather than presenting two theories of liability for violation of a statute, Count Two presents two separate crimes. Section 841(b)(1)(C) indicates that the government must demonstrate that serious bodily injury or death resulted "from the use" of a controlled substance. This language presupposes that the drug was distributed to the victim. Indeed, courts have held that in order for this provision to be applicable, there must be proof that the defendant distributed the drugs to the victim. *See United States v. Houston*, 406 F.3d 1121, 1124-25 (9th Cir. 2005) (holding that cause in fact is required under the language of § 841(b)(1)(C)); *United States v. Wall*, 349 F.3d 18, 24-25 (1st Cir. 2003) ("We have described the necessary proof [under § 841(b)(1)(C)] to be that a defendant deals drugs and a user of those drugs dies as a result."); *United States v. Patterson*, 38 F.3d 139, 145 (4th Cir. 1994) ("The statute puts drug dealers and users on clear notice that their sentences will be enhanced if people die from *using the drugs they distribute* . . . . Where serious bodily injury or death results from *the distribution of certain drugs*, Congress has elected to enhance a defendant's sentence regardless of whether the defendant knew or should have known that

5

death would result.") (emphasis added).[1]  It would be rather anomalous to hold that Defendant's mere possession of the drug with intent to distribute caused Sneller's death. This, however, appears to be the Government's position. *See* Govt. Res. Br. at 5 ("Count Two alleges separate legal theories as to how the defendant's conduct caused the death of Garry Sneller.").  It is difficult to comprehend how the possession of an illegal drug by Defendant could cause the death of another.  The better view is that Count Two charges two separate crimes: distribution of fentanyl resulting in serious bodily injury and death and possession with intent to distribute fentanyl.[2]  *See United States v. Rebmann*, 321 F.3d 540, 541 (6th Cir. 2003) (noting that death enhancement is "not a mere sentencing factor applicable to the core crime of distribution . . . but rather constitutes an element of a separate crime (distribution resulting in death) that must be proved beyond a reasonable doubt.").

As Defendant notes, Count Two appears to allow the jury to convict Defendant even if they did not believe that the Government had met its burden of proving that Defendant

---

[1]Indeed, the Court has been unable to find a case in which a defendant was charged with possession with intent to distribute a controlled substance resulting in death or serious bodily injury. The vast majority of cases involving the death enhancement appear to involve indictments which have charged distribution of a drug that resulted in death or serious bodily injury. *See e.g.*, *United States v. Soler*, 275 F.3d 146 (1st Cir. 2002); *United States v. McIntosh*, 236 F.3d 968 (8th Cir. 2001); *United States v. Robinson*, 167 F.3d 824 (3d Cir. 1999).

[2]Additional support for construing Count Two as two separate crimes can also be found in the Government's discussion of their theory of the case. Although the Government states that they have alleged two theories as to how Defendant caused Sneller's death, in discussing its proofs, it clearly distinguishes between Defendant's possession with intent to distribute and the distribution of the drug resulting in the death of Sneller. This delineation is another indication that Count Two charges two separate crimes.

distributed the drugs which resulted in Sneller's death. Put another way, the indictment allows the jury to assume that Defendant distributed the drugs that killed Sneller without making the determination that the drugs were in fact distributed. At best, the indictment is confusing and ambiguous. At worst, it could result in Defendant being convicted without establishing that he supplied the drugs that killed Sneller. Construed in this manner, Count Two is clearly duplicitous.

The conclusion that Count Two is duplicitous does not require dismissal of the charge. *United States v. Saleh*, 875 F.2d 535 (6th Cir. 1989); *United States v. Robinson*, 651 F.2d 1188 (6th Cir. 1981). Rather, the proper remedy is to require the government to "elect either the count or the charge within the count upon which it will rely." *Shumpert Hood*, 210 F.3d at 663 (quoting *Robinson*, 651 F.2d at 1194). Accordingly, the Court directs the Government, within 10 days of the filing of this opinion, to elect which charge within Count Two upon which it will rely as this matter proceeds to trial.


Date:     April 26, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE