UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT LEE KING,

        Defendant.
                                     /

File No.  1:05-CR-247

HON. ROBERT HOLMES BELL

## **O P I N I O N**

      This matter is before the Court on Defendant's motion to dismiss.  Defendant Robert Lee King has filed two motions to dismiss two counts of the second superseding indictment.  The first motion seeks to dismiss Count Two because it alleges a legal impossibility.  The second motion requests dismissal of Count Three based upon improper venue.  For the reasons that follow, Defendant's motion to dismiss Count Two is granted and his motion to dismiss Count Three is denied without prejudice to reasserting the issue at the close of the Government's proofs.

I.

      On October 27, 2005, Defendant was charged in a single count indictment with distribution of methadone and fentanyl resulting in the serious bodily injury and death of Emily Waskiewicz, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Subsequently, on December 20, 2005, the grand jury returned a three-count superseding indictment.  In

addition to the distribution of controlled substances resulting in the death of Waskiewicz charge, Defendant was also charged with "knowingly and intentionally distribut[ing] and possess[ing] with intent to distribute fentanyl . . . resulting in the serious bodily injury and death of Garry Sneller from the use of the fentanyl," and with conspiracy to possess with intent to distribute and to distribute oxycodone.  Superseding Indictment (Docket #16). Thereafter Defendant filed a motion for a bill of particulars as to Count Two and, in the alternative, to dismiss Count Two because it was duplicitous.

In an opinion dated April 26, 2006, the Court granted in part and denied in part Defendant's motion.  In the course of responding to Defendant's motion, the Government disclosed its legal theory as to both Counts One and Two, therefore, the filing of a bill of particulars was unnecessary and, consequently, that portion of Defendant's motion was denied as moot. *United States v. King*, 2006 WL 1139722, *1 (W.D. Mich. April 26, 2006) (Bell, C.J.).  The Court, however, also held that Count Two was duplicitous. *King*, 2006 WL 1139722 at *3.  The Court determined that Count Two alleged two separate crimes: (1) distribution of fentanyl resulting in serious bodily injury and death and (2) possession with intent to distribute fentanyl. *Id*. at *2.  As such, Count Two was duplicitous.  Accordingly, the Court directed the Government to elect which charge within Count Two it would rely upon during trial of this case.

Although the Government responded to the Court's direction, electing to rely on the distribution of fentanyl charge in Count Two, it also obtained a second superseding

2

indictment. The second superseding indictment charged four counts. Second Superseding Indictment (Docket #41). Instead of charging both possession with intent to distribute and distribution of fentanyl in a single count, the second superseding indictment charged Defendant with possession with intent to distribute fentanyl resulting in the serious bodily injury and death of Sneller from the use of the fentanyl in Count Two and distribution of fentanyl resulting in serious bodily injury and death in Count Three.[1]

## II.

A.   Motion to Dismiss Count Two

Defendant argues that Count Two should be dismissed because it alleges a legal impossibility. "Legal impossibility is said to occur where the intended acts, even if completed, would not amount to a crime." *United States v. Hsu*, 155 F.3d 189, 199 (3d Cir. 1998) (quoting *United States v. Berrigan*, 482 F.2d 171, 188 (3d Cir. 1973)). The continued validity of the legal impossibility defense in the Sixth Circuit is, at best, suspect, particularly with regard to drug offenses. In *United States v. Yang*, 281 F.3d 534, 543 (6th Cir. 2002), in considering the application of legal impossibility to the crime of attempt and conspiracy to steal trade secrets, the Sixth Circuit explained,

> [i]t is not necessary for us to delve into the question of whether a defense of legal impossibility is recognized at all in the Sixth Circuit, and indeed, we are aware of a handful of cases over the past decade in which we have at least acknowledged the possibility that there is such a defense. *See, e.g., United*

---

[1] The Second Superseding Indictment also included the original distribution charge resulting in Waskiewicz's death and the conspiracy count first alleged in the Superseding Indictment. *See* Second Superseding Indictment.

> *States v. Mise*, 240 F.3d 527, 530 (6th Cir. 2001); *United States v. Hixon*, 987 F.2d 1261, 1267 (6th Cir. 1993); *United States v. Peete*, 919 F.2d 1168, 1175-76 (6th Cir. 1990). *Importantly, this circuit . . . has definitively established in the context of the federal drug laws that impossibility is not a defense.*

*Yang*, 281 F.3d at 543 (emphasis added) (citing *United States v. Reeves*, 794 F.2d 1101 (6th Cir. 1986)). Moreover, properly understood, legal impossibility cannot be a defense to the crime alleged in Count Two. Count Two alleges that Defendant "knowingly and intentionally possessed with intent to distribute fentanyl . . . resulting in the serious bodily injury and death of Garry Sneller from the subsequent use of this fentanyl." *See* Second Superseding Indictment. Defendant cannot argue that the intended actions alleged in the indictment, if completed did not amount to a crime. Possession of a controlled substance is clearly prohibited by the federal drug laws. 21 U.S.C. § 841(a)(1). Thus, legal impossibility does not apply to this case.

Although legal impossibility does not technically apply, Defendant's real issue appears to be that in order to prove the crime alleged in Count Two, the Government must demonstrate that his possession with intent to distribute resulted in the death of Sneller from the use of the fentanyl. Defendant asserts that the crime as charged does not make sense, reasoning that simply possessing fentanyl with the intent to distribute it cannot result in the death of another. Thus, Defendant argues that the Government must prove that he actually distributed the fentanyl which Sneller used.

The Government contends that Defendant misapprehends the plain language of §§ 841(a)(1) and 841(b)(1)(C). The Government points to § 841(a)(1), which makes it

unlawful to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). In § 841(b)(1)(C) the statute provides that a person who violates § 841(a) shall be sentenced:

> In the case of a controlled substance in schedule I or II . . . to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life . . . .

21 U.S.C. § 841(b)(1)(C). The Government makes two arguments based upon the statutory language. First, the Government contends that the death enhancement provision in § 841(b)(1)(C), by its terms, applies to any violation of § 841(a)(1), whether distribution, manufacture, or possession with intent to distribute or manufacture. Second, the Government argues that Defendant's premise that it must prove that his possession with intent to distribute resulted in Sneller's death is erroneous. The Government asserts that Defendant's argument is contrary to the plain language of the statute which only requires that "death or serious bodily injury result[] from *the use* of such substance," not that death result from Defendant's possession, distribution, or manufacture of such substance. 21 U.S.C. § 841(b)(1)(C) (emphasis added).

The parties have not provided and the Court has not found a case in which the death enhancement provision was applied to the crime of possession with intent to distribute. Indeed, the vast majority of cases involving the death enhancement provision are prosecutions for distribution, rather than mere possession, of a controlled substance. *See, e.g., United States v. Houston*, 406 F.3d 1121 (9th Cir. 2005); *United States v. Soler*, 275

F.3d 146 (1st Cir. 2002); *United States v. Rebmann*, 226 F.3d 521 (6th Cir. 2000), *rev'd United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002); *United States v. Robinson*, 167 F.3d 824 (3d Cir. 1999); *United States v. Patterson*, 38 F.3d 139 (4th Cir. 1994). *But see United States v. McIntosh*, 236 F.3d 968 (8th Cir. 2001) (applying death enhancement under § 841(b)(1)(A) where defendant convicted of manufacturing methamphetamine).[2] This is not surprising, given the inherent difficulty of proving that the particular drugs an individual used resulting in their death were the same drugs distributed, let alone possessed, by a defendant. Proof of distribution, at the very least, provides a connection between the user and the defendant. Each of the cases above analyzed the death enhancement and concluded that the unambiguous language of the statute did not require a finding that death or serious bodily injury from the use of the drug was reasonably foreseeable. *Houston*, 406 F.3d at 1124-25 (holding that proximate case was not a required element under § 841(b)(1)(C)); *Soler*, 275 F.3d at 152-53 (describing § 841(b)(1)(C) as a "rule of strict liability" and concluding "section 841(b)(1)(C) applies without any independent proof that the death was a reasonably foreseeable event."); *Rebmann*, 226 F.3d at 525 ("On its face, the statute is, in effect, a strict liability statute with respect to the injury or death of another arising out of the distribution of drugs."); *McIntosh*, 236 F.3d at 972 (concluding that statute did not require a showing of proximate cause or reasonable foreseeability); *Patterson*, 38 F.3d at 145 ("[T]he plain language of § 841(b)(1)(C) does not require, nor does it indicate, that prior to applying

---

[2]The language of § 841(b)(1)(A) is identical to § 841(b)(1)(C).

the enhanced sentence, the district court must find that death resulting from the use of a drug distributed by a defendant was a reasonably foreseeable event.").

The Government's position does find support in the plain language of the statute. Nevertheless, in this case, Count Two is unnecessary and confusing.  Therefore, the Court grants Defendant's motion to dismiss Count Two.  In order to show that the same drug possessed by Defendant was the drug used by Sneller that resulted in his death, the Government will necessarily have to show a connection or nexus between Defendant's activities and Sneller's use.  In this case, it appears that the Government will prove this connection by showing that Defendant distributed the fentanyl to Sneller that led to his death.[3]  This is clearly set forth in Count Three charging distribution of fentanyl resulting in Sneller's death.  Therefore, although possession with intent to distribute and distribution are two separate crimes, in this case the proofs will be merged.  Consequently, it may be confusing and difficult for the jury to distinguish between the two counts.  Moreover, Count Two as set forth in the second superseding indictment appears to be fundamentally unfair to the Defendant.  Absent a nexus between Sneller's use of the drug and Defendant's possession, such as Defendant distributing the drug to Sneller, it would be unfair to hold Defendant criminally liable for a death based simply upon his mere possession of a drug. Accordingly, Defendant's motion to dismiss Count Two is granted.

---

[3]Indeed, it is difficult to conceive how, other than by showing that Defendant distributed the drug to Sneller, the Government can prove that the drug possessed was the same drug that Sneller used.

B.	Motion to Dismiss Count Three

Defendant also moves to dismiss Count Three based upon improper venue.  Venue is proper in the district in which the crime was committed.  U.S. CONST. ART. III, § 2, Cl. 3 ("Trial shall be held in the State where the said Crimes shall have been committed."); FED. CRIM. P. 18 ("[T]he prosecution shall be had in a district in which the offense was committed."); *see also United States v. Brika*, 416 F.3d 514, 527 (6th Cir. 2005).  Congress has also provided that "any offense against the United States begun in one district and completed in another . . . , may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."  18 U.S.C. § 3237(a).  Count Three alleges:

> From on or about September 19, 2005 to on or about October 1, 2005, *beginning in Charlevoix County, in the Western District of Michigan, Southern Division,* and *continuing into Cheboygan County, in the Eastern District of Michigan*, the defendant Robert Lee King, knowingly and intentionally distributed fentanyl . . . resulting in the serious bodily injury and death of Garry Sneller from the use of fentanyl . . .

Second Superseding Indictment (emphasis added).  Based upon the allegations of the indictment, it appears that the crime charged is a continuing offense.  *See also United States v. Tingle*, 183 F.3d 719, 727 (7th Cir. 1999) ("Distribution of drugs can be a continuing offense, and thus governed by § 3237(a) for purposes of venue, where there are multiple acts of the defendant which constituted distribution."); *United States v. Brunty*, 701 F.2d 1375, 1380-81 (11th Cir. 1983) (holding that distribution is a continuing offense and may "include other acts perpetrated in furtherance of a transfer or sale, such as arranging or supervising the delivery, or negotiating for or receiving the purchase price."); *contra United States v.*

8

*Corona*, 34 F.3d 876 (9th Cir. 1994) (holding that distribution is not a continuing offense). Thus, § 3237(a) would appear to apply and permit the case to be tried in either the Western District or Eastern District of Michigan. Accordingly, Defendant's motion to dismiss Count Three is denied. This denial, however, is without prejudice. At the close of the Government's proofs, Defendant may renew his opposition to venue.

Accordingly, Defendant's motion to dismiss Count Two is granted and his motion to dismiss Count Three is denied without prejudice. An order will be entered consistent with this opinion.


Date:   August 14, 2006              /s/  Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE